UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ALLEN PRIESTER, | ) |
| | ) |
|    *Plaintiff,* | ) |
| | ) No. 3:17-CV-284 |
| v. | ) |
| | ) Judge Collier |
| BENT CREEK GOLF CLUB, LLC, *et al.*, | ) |
| | ) |
|    *Defendants.* | ) |

**M E M O R A N D U M**

Before the Court is the motion (Doc. 30) of Defendants Bent Creek Golf Club, LLC, Integrity Golf Company, LLC, and Colin Williams (collectively, "Defendants") to dismiss the suit for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).[1] Aiming to cure the jurisdictional defect identified in Defendants' motion, Plaintiff responded by moving the Court to dismiss a defendant, David Meyer, from the suit. (Doc. 41.) Defendants replied in opposition (Doc. 44). They also subsequently moved to stay discovery (Doc. 50) pending resolution of their motion to dismiss. For the reasons that follow, the Court will **GRANT** Plaintiff's motion to dismiss Meyer as a named defendant (Doc. 41), and will **DENY AS MOOT** both Defendants' motion to dismiss (Doc. 30) and their motion to stay discovery (Doc. 50).

**I.    BACKGROUND**

This action arises out of a round of golf. On the back nine holes at the Bent Creek Golf Course in Sevier County, Tennessee, Plaintiff was thrown from the passenger seat of his golf cart

---

[1] In their motion to dismiss, Defendants purport to move under Rule 12(b)(6). However, in their memorandum in support (Doc. 31), they invoke Rule 12(b)(1). Because Defendants, in both documents, maintain that the Court lacks subject matter jurisdiction, the Court conducts its analysis under Rule 12(b)(1).

when it "lost traction, slid sideways, and diverted off the cart path." (Doc. 1 ¶ 18.) Defendants' negligent maintenance of the golf course was to blame, according to Plaintiff, and he filed his original complaint on June 30, 2017. (Doc. 1.) He alleged only state law causes of action. But, at the time, complete diversity of citizenship existed among the parties—Plaintiff is a citizen of Virginia, while Defendants are based in either Tennessee or Florida. Plaintiff sought review in federal court on that basis.

Defendants answered Plaintiff's original complaint on August 18, 2017. (Doc. 16.) They asserted the affirmative defense of comparative fault, averring that Meyer—believed to have been driving the golf cart at the time of the incident—caused or contributed to Plaintiff's injuries. (*Id.*) Along with its answer, Defendants also filed a third-party complaint against Meyer with an eye towards the Cart Usage Agreement (the "Agreement") Meyer signed prior to playing the course. Under the Agreement, Meyer "promise[d] . . . to indemnify and hold [Defendants] harmless from any/all damage or claims . . . that may arise from or through the use of [the golf carts]." (Doc. 16 at 19.)

In response to this third-party claim, Plaintiff sought, and was granted, leave to file an amended complaint (the "Amended Complaint") (Doc. 28). Though he claims to have "had no reason to believe Meyer caused or contributed to his injuries," Plaintiff nevertheless added Meyer as a defendant "out of an abundance of caution." (Doc. 42.)

Like Plaintiff, however, Meyer is a citizen of Virginia. Defendants consequently moved to dismiss the suit for lack of subject matter jurisdiction,[2] contending the addition of Meyer

---

[2] Defendants filed their motion to dismiss (Doc. 30) without first meeting and conferring with Plaintiff, in contravention of the Court's July 3, 2017 Order (Doc. 4). The failure to do so, they aver, was an unintentional regrettable oversight. They also note that the meet-and-confer requirement is largely designed to root out technical pleading deficiencies curable by amendment, and that they would have filed their motion regardless, even after conferring with Plaintiff. While

destroyed diversity of citizenship. (Doc. 30.) Plaintiff now moves the Court to dismiss Meyer from the suit to cure any jurisdictional defects his addition to the suit may have worked. (Doc. 41.) Defendants responded in opposition (Doc. 44).

## II. STANDARD OF REVIEW

Defendants seek dismissal pursuant to Rule 12(b)(1). To survive a motion to dismiss based on a lack of subject matter jurisdiction, the plaintiff bears the burden of proving jurisdiction is proper. *Wisecarver v. Moore*, 489 F.3d 747, 749 (6th Cir. 2007). When reviewing a facial attack, such as that here, a district court takes the allegations in the complaint as true. *Gentek Bldg. Prods., Inc. v. Steel Peel Litig. Trust*, 491 F.3d 320, 330 (6th Cir. 2007).

## III. DISCUSSION

For a federal court to exercise subject matter jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship among the parties,[3] meaning "no plaintiff and no defendant are citizens of the same state." *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) (quoting *Jerome–Duncan, Inc. v. Auto–By–Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999)). The Court initially had jurisdiction on this basis; Plaintiff is a citizen of Virginia, and Defendants are not. The addition of a fellow Virginian as a defendant, however, destroyed diversity jurisdiction, and Plaintiff concedes as much. Plaintiff seeks now to restore the Court's ability to hear the case by dismissing Meyer from the suit under Rule 21—a dismissal Defendants oppose.

---

the Court does not look favorably on the failure to meet and confer, it does not appear this was done in bad faith. The Court will not strike Defendants' motion.

[3] The amount in controversy must exceed $75,000, as well. This is not at issue here.

Rule 21 instructs that "[m]isjoinder of parties is not a ground for dismissing an action," and "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Before a court may dismiss a party under this rule, however, it must consider two questions: (1) Is the to-be-dismissed party indispensable to the action? (2) Would a defendant suffer "plain legal prejudice" if the party is dismissed? *See Mayfield v. London Women's Care, PLLC*, No. 15–19–DLB, 2015 WL 3440492, at *3 (E.D. Ky. May 28, 2015) (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 838 (1989)).

As to the former, Rule 21 allows a district court to drop a non-diverse party to retain diversity jurisdiction if that party's presence in the action is not required under Rule 19. *Iwan v. Petco Animal Supplies Stores, Inc.*, No. 1:15-CV-2540, 2016 WL 2898034, at *1 (N.D. Ohio May 18, 2016) (citing *Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 545 (6th Cir. 1994). A party is "required" under Rule 19 if: "(1) complete relief cannot be given to existing parties in his absence; (2) disposition in his absence may impair his ability to protect his interest in the controversy; or (3) his absence would expose existing parties to substantial risk of double or inconsistent obligations." *Id*.

If Rule 19 does not mandate the party's inclusion in the action, the court then assesses whether the party's dismissal would work "plain legal prejudice" on the remaining defendants. *Wilkerson v. Brakebill*, No. 3:15-CV-435-TAV-CCS, 2017 WL 401212, at *3 (E.D. Tenn. Jan. 30, 2017). To that end, the court considers "(1) the defendants' effort and expense of preparation for trial, (2) excessive delay and lack of diligence on plaintiff's part in prosecuting the case, (3) insufficient explanation for the need for dismissal, and (4) whether a motion for summary

judgment is pending."[4] *Id.* (quoting *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007) (internal quotations omitted)). Unless these factors suggest a defendant will be unduly prejudiced, a motion to dismiss under Rule 21 should generally be granted. *Id.*

Plaintiff first argues that Meyer is not an indispensable party under Rule 19.[5] He notes that Meyer's status as an alleged joint tortfeasor alone does not mandate his participation in the action, and complete relief can be afforded among the parties without him. Plaintiff also argues Defendants are at no risk of incurring inconsistent judgments—a jury would simply apportion Defendants the percentage of damages for which it found them responsible. For this reason, too, Plaintiff suggests Meyer's dismissal would leave his ability to protect his interest in the controversy unimpaired; Plaintiff could not recover from Meyer as a non-party, should Defendants partially prevail under their theory of comparative fault. Finally, Plaintiff argues Defendants will suffer no prejudice in Meyer's absence. Plaintiff has not delayed in prosecuting the case, and it is still in the discovery stage. As such, according to Plaintiff, the suit would proceed as if Meyer had never been added in the first place.

Defendants, on the other hand, maintain that Plaintiff should be held responsible for his strategic decision to add Meyer to the suit. They note two months passed between the filing of their third-party complaint against Meyer and Meyer's addition in Plaintiff's Amended Complaint—a two-month period for Plaintiff to consider the jurisdictional consequences of adding

---

[4] A pending motion for summary judgment, however, is not dispositive as to whether dismissing a party would unduly prejudice the remaining parties. *Wilkerson*, 2017 WL 401212, at *3 ("[T]he existence of a pending motion for summary judgment is a factor that should be considered, but its existence does not mandate a finding of plain legal prejudice.").

[5] Defendants do not expressly concede that Meyer is a dispensable party. However, they offer no substantive argument to the contrary in their response to Plaintiff's motion to dismiss Meyer.

5

a party. Defendants also argue they would be prejudiced without Meyer, as his absence would deprive them of litigating in state court, where they anticipate a jury would be more favorable. They also emphasize concerns of judicial economy with the possibility of two suits—one against them in federal court and one against Meyer in state court. Finally, Defendants concede that a court *may* cure a lack of diversity jurisdiction by dismissing a dispensable, non-diverse party. They maintain, however, that courts must do so only when appropriate under the circumstances, citing *Curry* for the proposition that the favored course of action in such an instance is to leave a plaintiff's suit intact to be resolved in a single dispute in state court.

Defendants' reading of *Curry*, though, misses the mark. There, Curry filed suit in state court against a trucking company and four John Does over a workplace accident, and the suit was subsequently removed on the basis of diversity. *Curry*, 462 F.3d at 538. Curry later uncovered the identities of two of the John Does and added them to the suit. The district court granted summary judgment in the defendants' favor, and Curry appealed. But the appellate court noticed that the two John Does shared state citizenship with Curry. Instead of dismissing the non-diverse defendants to reach the merits, the Sixth Circuit Court of Appeals remanded the case to the district court with instruction to remand to state court. *Id*. at 543. To do otherwise, it noted, would have prejudiced Curry by forcing him to bring a second action, rather than resolving the dispute at once in the state court forum he desired all long. *Id*.

But the Sixth Circuit also expressly distinguished the case from those in which the *plaintiff* had sought dismissal of a non-diverse party in order to remain in federal court—which is precisely what Plaintiff asks here. *Id*. ("[I]n both [distinguishable cases], the triggering factor for the appellate authority to dismiss the nondiverse defendants to cure the lack of jurisdiction was the *plaintiff's* motion to enable it to proceed with the case against diverse defendants in federal

6

court."). As an out-of-state litigant, Plaintiff filed suit in a federal forum and later added a defendant to cover his bases. But after considering the jurisdictional implications of that addition, he sought to dismiss the party in order to remain in the forum he sought to begin with. Defendants point to no case suggesting this course of action is improper.

Moreover, Rules 19 and 21 are satisfied. For starters, Meyer is not an indispensable party. Defendants offer no reason as to why full relief could not be afforded among the parties in Meyer's absence. Nor do they argue Meyer would be unable to protect his interest in the dispute. Indeed, as a third-party defendant, Meyer would have ample opportunity to protect his interest. Furthermore, Meyer's absence would not expose Defendants to a substantial risk of double or inconsistent obligations. As Plaintiff notes, a jury would award him only those damages for which it found Defendants responsible, if any.

Finally, Meyer's absence would not unduly prejudice Defendants. Plaintiff has not delayed in prosecuting the case, nor has he failed to explain why he seeks dismissal. Moreover, the case is still in the discovery phase; no efforts have been made to prepare for a looming trial. And while a motion for summary judgment is pending, that motion is a separate defendant's—Diamond Resorts International Club, Inc.—and would be unaffected by Meyer's dismissal from the suit. Still, Defendants contend Meyer's absence prejudices them by keeping them out of state court, which they believe to be a friendlier forum. But by the same token, retaining Meyer would similarly prejudice Plaintiff by depriving him of a *federal* forum—a forum he may believe more favorable to an out-of-state litigant. And as the "master of his complaint," Plaintiff wields at least some discretion in where to file and whom to include in his suit. *Id*. at 543.

## IV. CONCLUSION

For the reasons above, the Court will **GRANT** Plaintiff's motion to dismiss Meyer (Doc. 41) and will **DENY AS MOOT** Defendants' motion to dismiss the suit (Doc. 30) and their motion to stay discovery (Doc. 50).

**SO ORDERED.**

**ENTER:**

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**